UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ethel Powell, ) | Civil Action No.: 4:16-cv-02795-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| State Farm Fire and Casualty Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action for breach of contract and bad faith refusal to pay underinsured motorist ("UIM") benefits. On March 27, 2018, the Court entered an order denying Defendant's motion for summary judgment on both the breach of contract and bad faith claims and denying Plaintiff's cross-motion for partial summary judgment on the breach of contract claim. *See* ECF No. 51. The parties have now filed motions to reconsider the March 27 order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, *see* ECF Nos. 53 & 54, and they have each responded to the motions. *See* ECF Nos. 55, 56, & 57. The Court denies both motions for the reasons herein.[1]

## Legal Standard

Federal Rule of Civil Procedure 54(b) governs the Court's reconsideration of interlocutory orders such as one denying summary judgment. *See generally Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Rule 54(b) permits a district court to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

---

[1] Pursuant to Local Civil Rule 7.08 (D.S.C.), the Court does not find a hearing is necessary on the motions to reconsider.

The Fourth Circuit recently articulated the standard for evaluating Rule 54(b) motions:

> Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light. . . .
>
> [However], the discretion Rule 54(b) provides is not limitless. For instance, courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case. The law-of-the-case doctrine provides that in the interest of finality, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial.

*Carlson*, 856 F.3d at 325 (second alteration in original) (internal citations and quotation marks omitted); *see also Acosta v. Hilton Grand Vacations Co.*, No. 4:15-cv-00495-RBH, 2017 WL 2957795 (D.S.C. July 11, 2017) (applying the *Carlson* standard).

### Discussion[2]

**I.  Defendant's Motion to Reconsider – Bad Faith Claim**

Defendant seeks reconsideration of the Court's decision to deny summary judgment on Plaintiff's bad faith claim.[3] *See* ECF No. 53. Defendant argues: "In denying the plaintiff['s] motion

---

[2] The relevant facts and rulings are summarized in the Court's prior order denying summary judgment, *see* ECF No. 51, and are not repeated here.

[3] Defendant has not sought reconsideration of the Court's decision denying summary judgment on the breach of contract claim.

2

for summary judgment as to [her] breach of contract claim, the Court determined that a jury could make a 'reasonable inference' that there was no fourth policy. If a jury could reasonably conclude there was no fourth policy, it cannot be bad faith for [Defendant] to come to the same conclusion." *Id.* at p. 53 (quoting ECF No. 51 at p. 10). In other words, Defendant contends it "should not be liable for bad faith where the Court has determined that a reasonable jury could find there was no fourth policy." *Id.* at p. 2.[4]

The Court rejects Defendant's argument because it conflates the meaning of the term "reasonable" as used in two different contexts. Specifically, Defendant confuses the meaning of "reasonable inference"—as applied in the legal standard of review for a summary judgment motion—with the term "unreasonable action," which is an element of an insurance bad faith claim. *Compare SD3 II LLC v. Black & Decker (U.S.) Inc.*, 888 F.3d 98 (4th Cir. 2018) ("[O]n a motion for summary judgment, the court must draw all **reasonable inferences** in favor of the nonmoving party." (internal quotation marks omitted and emphasis added)), *with Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 396–97 (S.C. 1992) (listing the third element of an insurance bad faith claim as "the insurer's . . . **unreasonable action** in breach of an implied covenant of good faith and fair dealing

---

[4] Defendant's arguments are referring to the following portion of the Court's previous order:

> The Court concludes there is a question of fact as to whether Mr. Powell obtained a new and separate contract of insurance on May 2, 2016 when he spoke to Santangelo. There are at least two **reasonable inferences** that can be drawn from the above evidence: (1) Mr. Powell requested Santangelo to issue a new/separate/fourth written policy of insurance for the Hyundai providing the same UIM coverage that the Powells had on all three of their other vehicles (with limits of $100,000/$300,000/$50,000), and Santangelo gave an oral binder to that effect; or (2) Santangelo understood Mr. Powell to be requesting that the Hyundai simply replace the Cadillac on his already-existing policy. This matter must be resolved by a jury.

ECF No. 51 at p. 10 (emphasis added).

arising on the contract" (emphasis added)). In short, "reasonable" has different meanings here.[5]

In its prior order, the Court was merely applying the summary judgment standard when it concluded "at least two reasonable inferences" could be drawn from the evidence—either that a fourth contract of insurance existed or that one did not exist—and therefore summary judgment was not warranted on the breach of contract claim. *See* ECF No. 51 at p. 10. The Court's conclusion in no way found as a matter of law that Defendant necessarily acted reasonably in concluding no fourth policy existed and thus was entitled to summary judgment on the bad faith claim; this conclusion simply meant there was a question of fact regarding whether a contract existed.[6] **To be clear, even assuming *arguendo* that a fourth contract of insurance existed (by virtue of an oral binder given by Santangelo), there remain genuine issues of material fact regarding whether Defendant acted unreasonably by refusing to pay the UIM benefits allegedly owed thereunder.**

Although both a breach of contract claim and a bad faith claim both require the existence of a contract,[7] they are still separate causes of action.[8] And in this case, the Court has concluded genuine issues of material fact exist as to *both* Plaintiff's breach of contract and bad faith claims, and therefore

---

[5] Additionally, the Court notes Defendant has not cited a case supporting the notion that a court must grant summary judgment on a bad faith claim if it finds a question of fact exists as to the existence of a contract.

[6] If the Court were to hold otherwise, a plaintiff could never maintain a bad faith claim when there was a question of fact regarding the existence of an insurance contract. Such a result would contradict South Carolina law, which holds that breach of contract and bad faith actions are separate and distinct theories of recovery. *See Tadlock Painting Co. v. Maryland Cas. Co.*, 473 S.E.2d 52, 54 (S.C. 1996) ("[W]e have consistently emphasized that a bad faith action exists separately from an action in contract."); *see generally Talkington v. Atria Reclamelucifers Fabrieken BV*, 152 F.3d 254, 260 (4th Cir. 1998) ("[P]ursuant to diversity jurisdiction, *see* 28 U.S.C. § 1332, . . . we are bound to apply governing state law, as interpreted by the relevant state's highest court.").

[7] *Compare Allegro, Inc. v. Scully*, 791 S.E.2d 140, 145 (S.C. 2016) (listing the elements of a breach of contract claim), *with Crossley*, 415 S.E.2d at 396–97 (listing the elements of an insurance bad faith claim).

[8] Indeed, if a jury found there was a fourth contract of insurance, then it would be entitled to consider whether Defendant acted in bad faith (i.e., took unreasonable action) by allegedly refusing to pay the benefits due under that contract. Conversely, if a jury found there was no fourth contract, then it would have to return a verdict for Defendant on both the breach of contract and bad faith claims.

summary judgment is improper. Accordingly, the Court will deny Defendant's motion to reconsider.

**II.       Plaintiff's Motion to Reconsider – Breach of Contract Claim**

Plaintiff seeks reconsideration of the Court's decision to deny summary judgment on her breach of contract claim. *See* ECF No. 54. Plaintiff "believes that [several] matter[s] of law" were not addressed in the Court's prior order, specifically her arguments (previously made in her motion for partial summary judgment) that Defendant violated S.C. Code Ann. §§ 38–77–160 and 38–77–350 by "splitting" a policy between two vehicles, by not making a meaningful offer of UIM, and by not complying with South Carolina insurance stacking laws. *See id.* at pp. 3–7. However, the Court *did* address her arguments, albeit briefly, in two footnotes in its prior order.[9] Again, a Rule 54(b) motion permits the Court to revise an order "as the litigation develops and *new facts or arguments* come to light," and the Court's prior "interlocutory rulings [are the] law of the case." *Carlson*, 856 F.3d at 325 (emphasis added). Plaintiff's motion to reconsider does not raise any new facts or arguments, and therefore the Court will deny it.

**III.      Summary**

Neither Defendant nor Plaintiff has established a basis under Rule 54(b) for the Court to revise its prior order denying summary judgment. Neither party has produced substantially different evidence;

---

[9]     *See* ECF No. 51 at pp. 10 at n. 9 ("[T]he Court is aware of the parties' other arguments concerning interpretation of an insurance contract, cancellation of a policy, "splitting"/"sharing" UIM coverage, stacking UIM coverages, a meaningful offer of UIM coverage, etc. However, as the Court's above analysis indicates, the question in this case is relatively straightforward—was a new contract of insurance created when Mr. Powell spoke with Santangelo seven days before the accident?"); *id.* at p. 11 n. 10 ("Plaintiff presents an argument regarding a 'meaningful offer' of UIM, *see* ECF No. 26-1 at pp. 15 n.22, 19–22, but the complaint makes no such allegation and this is a damages-only action. *See generally* Compl. Furthermore, a meaningful offer claim ordinarily arises via a declaratory judgment action, given that in cases where a meaningful offer was not made, the remedy is reformation of the policy 'by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured.' *Butler v. Unisun Ins. Co.*, 323 S.C. 402, 405 (S.C. 1996); *see Progressive Max Ins. Co. v. Floating Caps, Inc.*, 405 S.C. 35, 54 (S.C. 2013) (recognizing reformation is an equitable remedy). Notably, the complaint seeks only monetary damages, not declaratory or equitable relief.").

there has been no change in applicable law; and there is no indication of a clear error causing manifest injustice. *See Carlson*, 856 F.3d at 325. The Court will deny the motions to reconsider.

## Conclusion

For the foregoing reasons, the Court **DENIES** the parties' motions to reconsider [ECF Nos. 53 & 54].

**IT IS SO ORDERED.**

Florence, South Carolina    s/ R. Bryan Harwell
May 16, 2018                R. Bryan Harwell
                            United States District Judge